UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY ALAN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1521 RWS |
| | ) | |
| ROGER BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. However, plaintiff will be required to file an amended complaint within thirty (30) days of the date of this Memorandum and Order as plaintiff has failed to sue the proper party in this Title VII action.

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged religious discrimination. Plaintiff also alleges that he was subjected to a hostile work environment by his supervisor, Roger Berry, at the St. Louis City Parks Department. Named as the sole defendant in this Title VII action is Mr. Berry. Attached to plaintiff's complaint is a right to sue letter issued by the United States Department of Justice, Civil Rights Division, dated August 31, 2016.

**Legal Standard**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

**Discussion**

Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against defendant Berry are subject to dismissal. At this time, plaintiff has not alleged claims against another defendant in this action.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on the Court's Employment Discrimination Complaint Form in order to name the proper party in this lawsuit. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein. All claims in an action must be included in one, centralized complaint form. The filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. If plaintiff fails to file an amended complaint on a Court form within thirty (30) days in accordance with the

Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided Employment Discrimination Complaint form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 24th day of October, 2016.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE