UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY ALAN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1521 RWS |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Rodney Cooper moves for an order directing the defendant St. Louis City (the "City") to pay $225 for the time that Cooper's non retained expert spent reviewing her deposition transcript. Cooper also moves for attorneys' fees in the amount of $760 to compensate him for time spent arguing the underlying motion.

Under Rule 26(b)(4)(E), a party seeking discovery from an expert must "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." "Typically, 'time spent in responding to discovery' includes time that the expert spends preparing for the deposition and travel time associated with the deposition." G.C. v. S. Washington Cty. Sch. Dist. 833, No. 17-CV-3680 (DSD/TNL), 2019 WL 586676, at *2 (D. Minn. Feb. 13, 2019). However, federal district courts have taken varying stances on whether time spent reviewing a deposition transcript for errors should be included in this category as well. Compare Ross-Hime Designs, Inc. v. United States, 124 Fed. Cl. 69, 78 (2015) (stating the such fees are "part and parcel" of time spent responding to discovery) with Patterson Farm, Inc. v. City of Britton, S.D., 22 F. Supp. 2d 1085, 1096 (D.S.D. 1998) ("[I]f the party seeking the deposition were always required to pay . . . , expert witnesses would be encouraged . . . to

review the transcript in every deposition, regardless of the necessity of such an action."); see also Eclipse Gr. LLP v. Target Corp., No. 15-cv-1411, 2017 WL 5885544 *4 (S.D. Cal. Nov. 29, 2017) (collecting cases).

In Patterson, the court suggested that "if the deposition transcript indicates that the deposing party strongly encouraged the deponent to review the transcript so as to reduce that party's costs" then reimbursement is appropriate. 22 F. Supp. 2d 1085, 1096. In the normal course, however, an expert reviews his own deposition transcript for the benefit of the party that hired her, not the opposing party.

Cooper does not present any evidence that his expert reviewed her deposition testimony to reduce the Defendant City's costs in this matter. As a result, I conclude that his expert's work of reviewing the transcript does not represent "time spent in responding to discovery."

Accordingly,

**IT IS HEREBY ORDERED** that Cooper's motion to compel and for sanctions, [No. 112], is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2019.