**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY ALAN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-1521 RWS |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE**

COMES NOW Plaintiff Rodney Alan Cooper ("Plaintiff"), by and through his attorney, and moves in limine to exclude Defendant from mentioning in voir dire, opening statement, closing argument or from presenting any evidence, or eliciting from any witnesses, any reference or mention of:

1.      Undisclosed Witnesses.

2.      Mention that Defendant has had No Prior Civil Litigation regarding employment discrimination/hostile work environment or no or few E.E.O.C. Complaints regarding employment discrimination/hostile work environment.

The only conceivable reason for bringing out that Defendant has had no prior civil litigation or Complaints would be to put in the jury's mind that in this case they acted consistent with a trait of character. Prior acts (or lack thereof) are inadmissible to show conduct consistent therewith, and no exception applies. *See* Fed.R.Evid. 404.

3.      Other Civil Actions or E.E.O.C. Complaints/Charges Involving Plaintiff.

Any and all other civil actions or E.E.O.C. Complaints/Charges involving Plaintiff are irrelevant. *See* Fed.R.Evid. 401-402. Additionally, their probative value on issues in dispute is zero and their prejudicial effect would be immense. *See* Fed.R.Evid. 403.

4.      Plaintiff's Addresses Other Than His Current Address and Address at the Time of the Incident.

Any information about Plaintiff's prior addresses could be used to imply that Plaintiff is an unstable person and such information has no relevancy to this case. *See* Fed.R.Evid. 401-402. Additionally, the probative value on issues in dispute is zero and the prejudicial effect would be immense. *See* Fed.R.Evid. 403.

5.      Plaintiff proposes to offer into evidence medical records and the full amount of his medical bills incurred without reference to insurance payments, co-pays or other collateral source payments. With this request, Plaintiff moves to submit his medical bills with redactions to any insurance payments. (See *Plaintiff's Exhibit 5 and Exhibit 15*).

Defendant should be prohibited from raising the issue of any insurance benefits that Plaintiff has received, is entitled to receive or has not received. Any references to insurance coverage or proceeds from medical insurance or government assistance is prejudicial to Plaintiff, irrelevant and in violation of the collateral source rule. Hannah v. Haskins, 612 F.2d 373, 375 (8th Cir. 1980) (*citing* Fed.R.Evid. 411; 2 Wigmore, Evidence § 282a (3d ed. 1940)). *See also* Brown v. Royalty, 535 F.2d 1024, (8th Cir. 1976) (*applying Missouri collateral source law*); Hager v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 608 (Mo. App. W.D. 2000) (*citing* Washington by Washington v. Barnes Hospital, 897 S.W.2d 611, 619 (Mo. banc 1995)); Duckett v. Troester, 996 S.W.2d 641, 647-48 (Mo. App. W.D. 1999); Beck v. Edison Bros. Stores, Inc., 657 S.W. 2d 326 (Mo. App. 1983); Blessing v. Boy Scouts of American, 608 S.W. 2d 484 (Mo. App. 1981). The

introduction of insurance evidence where irrelevant to the cause of the action is a serious hazard that must be avoided. <u>Banks v. Village Enterprises, Inc.</u>, 32 S.W.3d 780 (Mo. App. W.D. 2000).

 6. Mentioning that these motions in limine were filed.

 In the event any one of these motions in limine are denied, Defendant should be prohibited from mentioning these motions in limine and state or infer to the jury that there was evidence Plaintiff has tried "to keep from the jury." These motions in limine are made based upon good faith interpretations of the law and to make any such comment on these motions in limine would be highly and unfairly prejudicial and irrelevant. *See* Fed.R.Evid. 401-402-403.

 WHEREFORE, Plaintiff respectfully requests that the Court exclude the evidence set forth above and make whatever additional rulings it deems necessary and proper in the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
  James W. Schottel, Jr. #51285MO
  906 Olive St., PH
  St. Louis, MO 63101
  (314) 421-0350
  (314) 421-4060 facsimile
  jwsj@schotteljustice.com

  Attorney for Plaintiff
  Rodney Alan Cooper

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>June 7, 2019</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Abby Duncan
duncana@stlouis-mo.gov

J. Brent Dulle
DulleB@stlouis-mo.gov

Andrew Wheaton
wheatona@stlouis-mo.gov

Attorneys for Defendant
City of St. Louis, Missouri


s/*James W. Schottel, Jr.*